MAXIMILIANO FLORES ORTIZ, ET AL., demandantes y apelados,
*v.* SANTIAGO RODRÍGUEZ, demandado y apelante.

Número 10918.

*Sometido:* 2 de noviembre de 1953. *Resuelto:* 28 de diciembre de 1954.

*E. Tristani, Jr.,* abogado del apelante; *Julio Viera Morales,* abogado de los apelados.

## SENTENCIA

Se modifica la sentencia apelada en el sentido de considerar incluídos como demandantes, por el resultado de la prueba, a Antonio Flores en sustitución de su madre natural Justina Flores y a los hermanastros naturales de los demandantes Sixto, Ramón y María Bermúdez en la mitad de la herencia que correspondería a don Nicolás Flores Cintrón, y con respecto a los hermanos legítimos con quienes concurren, en la mitad de lo que le corresponda a cada uno de los legítimos no mejorados, siempre que quepa dentro del tercio de libre disposición, el cual habrá de sacarse deduciendo antes los gastos de entierro y funeral, de acuerdo con la Ley de 9 de marzo de 1905—Compilación de los Estatutos Revisados y Códigos de

Puerto Rico 721–722, (Edición del 1911)—y así modificada se confirma la referida sentencia.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente.

A. Cecil Snyder,
*Juez Presidente.*

Certifico:

Ignacio Rivera,
*Secretario.*

Opinión del Juez Asociado Sr. Belaval en la cual concurren los Jueces Presidente Sr. Snyder y Asociado Sr. Negrón Fernández.

Se trata de una acción de reivindicación, donde los demandantes y apelantes alegaron ante la anterior Corte de Distrito de Ponce, que sus causantes don Nicolás Flores Cintrón y doña Ceferina Ortiz Flores, eran casados entre sí y dueños de una finca de veintiuna cuerdas situada en el barrio de Villalba Abajo, de la Municipalidad de Villalba, Puerto Rico; que dichos don Nicolás Flores Cintrón y doña Ceferina Ortiz Flores fallecieron sin otorgar testamento, siendo sus parientes más cercanos, sus legítimos hijos Ramón, Genaro, Felícita, Justina y Maximiliano Flores Ortiz; que posteriormente, de dichos herederos fallecieron dos, Genaro, sin dejar descendientes, por lo cual le sucedieron sus hermanos, y Justina, quien de acuerdo con las alegaciones apareció sin descendientes, pero de acuerdo con la prueba, resultó con un hijo natural nombrado Antonio, a quien reconocieron en el mismo acto del juicio sus tíos como hijo de dicha Justina, con derecho a heredar la participación de su madre; que el demandado y apelante don Santiago Rodríguez estaba detentando la finca, propiedad de la sucesión, basándose en una adjudicación hecha a su favor en el pleito número 1483 de la anterior Corte Municipal de Juana Díaz, seguido por él contra la Sucesión de Nicolás Flores Cintrón, que se decía estar compuesta por su viuda doña Ceferina Ortiz Flores y por su hijo don Maximiliano Flores Ortiz, cuya adjudicación quedó sin efecto al soli-

citar el propio demandado y apelante y obtener del Tribunal permiso para radicar una demanda enmendada, incluyendo nuevas partes demandadas, sobre cuya demanda enmendada no se hizo gestión judicial alguna; que la posesión del demandado y apelante ha sido de mala fe, por lo cual los demandantes y apelados tienen derecho a ciertas indemnizaciones.

Contestó el demandado y apelante negando los hechos y alegando como defensas especiales las siguientes: (1) que además de los demandantes, don Nicolás Flores había tenido antes de casarse, tres hijos naturales con la señora Rosa Bermúdez, nombrados Ramón, María y Sixto Bermúdez; que los herederos demandantes le habían entregado a sus hermanastros naturales una cuerda y media a cada uno, que habían sido adquiridas por el demandado y apelante; (2) que de las veintiuna cuerdas de que se componía la finca, los causantes don Nicolás Flores y su esposa doña Ceferina Ortiz le habían vendido a don Ramón Antonio Cintrón siete cuerdas, que a su vez había adquirido por compra don Cosme Irizarry, habiendo éste último, tramitado un expediente de dominio, en virtud del cual, las estaba poseyendo como dueño; (3) que posteriormente a todas las transacciones mencionadas, la finca entera de veintiuna cuerdas había sido vendida en pública subasta por falta de pago de las contribuciones territoriales, habiéndola rematado el demandado y apelante, por lo cual, le fué expedido el correspondiente certificado de compra por el Colector de Rentas Internas de Villalba, siendo en virtud de dicho remate, que el demandado y apelante tiene la posesión de dicha finca, con excepción de las siete cuerdas que posee don Cosme Irizarry.

Como se ve el propio demandado y apelante descartó en su contestación la teoría, que tenía título en virtud de la adjudicación por sentencia de la anterior Corte Municipal de Juana Díaz y alegó que su título se originaba èn remate por contribuciones efectuada por el Colector de Rentas Internas de Villalba, dando igual versión cuando declaró en el juicio, (t. 47 y t. 50).

Como cuestión de derecho, el ilustrado Juez sentenciador concluyó que la posible adjudicación realizada a favor del demandado y apelante en la acción civil, ante la anterior Corte Municipal de Juana Díaz era nula, y que la adjudicación realizada a favor del demandado y apelante en el remate por contribuciones era igualmente nula. En cuanto a la corrección de la conclusión de nulidad basta dejar consignado, que el causante de la Sucesión don Nicolás Flores Ortiz, falleció el 6 de enero de 1928 y la notificación de la venta de la finca por contribuciones, fué hecha al propio don Nicolás Flores Ortiz en junio de 1935, para darnos cuenta de la irremediable nulidad de dicho segundo título.

Habiendo llegado a estas conclusiones, el ilustrado Juez sentenciador dictó sentencia declarando con lugar la demanda, en cuanto a la reivindicación, y sin lugar en cuanto a la posible devolución de los frutos, pero únicamente en lo referente a los condominios de Maximiliano, Ramón y Felícita, ascendente a una cuarta parte cada uno, de un total de las catorce cuerdas que restan, después de descontar las siete cuerdas del señor Cosme Irizarry.

En apelación, el demandado y apelante formula los siguientes errores:

1. Cometió error el tribunal al no desestimar la demanda por no haberse incluído como demandantes o demandados a todos los herederos o interesados en la sucesión demandante, y al tolerar que no se incluyeran en el título de la acción, los nombres de todos y cada uno de los herederos o interesados en la sucesión;

2. Cometió error el tribunal, al no exigir pruebas y alegaciones concretas y exactas en cuanto a la identidad, descripción y medidas de la finca, a la cual tienen derecho los demandantes, sin identificar correctamente las catorce cuerdas sobre las cuales dictaminó que tenían derecho los demandantes en tres cuartas partes de los mismos;

3. Cometió el error de dictar sentencia que no está basada ni sostenida por las alegaciones de la demanda ni por la prueba de los demandantes;

4. Cometió el error de permitir a los demandantes después de sometido y cerrado el caso, la presentación de nueva prueba;

5. Cometió error el tribunal al no estimar que la acción de los demandantes estaba prescrita;

6. Cometió error el tribunal al condenar al demandado al pago de costas y honorarios. Procederemos a analizar dichos errores en el mismo orden en que han sido señalados.

1—En cuanto al primer error sobre la inclusión de partes demandantes, es cierto que sólo comparecen como demandantes los señores Maximiliano, Ramón y Felícita Flores, y no comparecen Antonio Flores, hijo natural de Justina Flores y los hermanastros naturales de los demandantes, Ramón, Sixto y María Bermúdez. Pero el demandado y apelante alegó expresamente en la contestación la existencia del hijo natural de Justina nombrado Antonio y la existencia de los hermanastros naturales, y de la prueba aparece que los demandantes y apelados, no sólo no contradijeron la alegación y la prueba del demandado y apelante a este respecto, sino que aceptaron expresamente que Antonio Flores, era hijo natural de Justina, reconociéndole su parte en el caudal hereditario y que Sixto, Ramón y María Bermúdez, eran hijos naturales del padre de ellos, don Nicolás Flores Cintrón, habidos con Rosa Bermúdez. De manera que la prueba demostró el estado actual de toda la sucesión de don Nicolás Flores Cintrón y de la sucesión de doña Ceferina Ortiz Flores.

La indivisión de un caudal hereditario constituye una comunidad de bienes de carácter universal, cuando cubre todos los bienes de la herencia: "Es un hecho cierto que cuando a la apertura de la sucesión testamentaria o a la prevención del abintestato concurren dos o más herederos, cada uno de ellos resulta propietario indiviso del total de la herencia yacente, en razón a la parte o porción que sea llamado a percibir, cons-

tituyéndose, por tanto, entre los partícipes una comunión sobre los bienes mientras permanezcan en estado de indivisión. Estudiando este caso de comunidad un distinguido jurisconsulto italiano, sostiene acertadamente que tal comunión, incidental respecto a los coherederos, porque surge sin su voluntad, es realmente necesaria, toda vez que sin ese previo estado de copropiedad la división en su día no pudiera tener realidad, concluyendo por asegurar que la partición en las herencias es una verdadera integración del condominio hereditario. Creemos también nosotros que, lejos de ser la comunidad hereditaria una ficción de derecho, como sostiene Douvergier, responde al carácter de universal atribuído rectamente a la sucesión, pues en ella el heredero representa la personalidad jurídica del causante actuando sobre la masa total de bienes y derechos, hasta que las operaciones particionales pongan término a la indivisión. Y nada puede concebirse con más caracteres de realidad que esa comunidad necesaria, surgida en el momento mismo de asumir los coherederos la entera representación de la persona del difunto sobre la universalidad de sus bienes, derechos y acciones, tanto activos como pasivos." 3 Manresa 404, (sexta ed. corregida y aumentada de la Editorial Reus), (1934).

Tratándose como se trata de una comunidad forzosa de bienes y derechos, cualesquier de los herederos o parte de los mismos, puede comparecer en juicio para defender los derechos de la comunidad, y si sale victorioso, el triunfo aprovecha a todos los copropietarios. Comentando el art. 392 del Código Civil de España, equivalente al art. 326 del Código Civil de Puerto Rico, dice Manresa: "Ante todo, cada condueño y en razón a las facultades dominicales que sobre la cosa o derecho común tiene aquél atribuídas, posee el ejercicio de la acción reivindicatoria, como adecuada para reclamar, no sólo contra quien indebidamente posea, sino contra quien detente, siempre que lo haga en beneficio de todos . . . No puede olvidarse asimismo que el juicio dado a favor de un condueño contra un tercero extraño a la comunidad, apro-

vecha a todos los demás, sin que les perjudique el adverso o contrario, (sentencias de 27 de mayo de 1874, 6 de abril de 1896, 27 de octubre de 1900, 30 de mayo de 1906, 5 de junio de 1918 y 4 de abril de 1921), doctrina que es de recordarse en asunto tan importante como el de la reivindicación de lo común, cuando la acción se utiliza de modo singular por alguno de los partícipes y no por todos ellos reunidos: 3 Manresa 408 y 409 o sea, un condueño puede demandar por sí solo y su actuación judicial aprovecha a todos los demás; pero si una persona extraña a la comunidad o un copartícipe aisladamente demanda a la comunidad de bienes resultante de una herencia, tiene que incluir como demandados y citar como partes necesarias a cada uno del todo o del resto de los condueños que componen la comunidad de bienes, para que cada uno quede obligado individualmente a las resultancias del fallo y el cuerpo de bienes sujeto a comunidad responda de la sentencia dictada contra todos o parte de los condueños. En el presente caso demandaron tres de los condueños solicitando la devolución total de la finca. La prueba demostró quiénes constituían el resto de la sucesión, la condición de legitimidad o naturalidad de cada uno de los miembros de la sucesión, así como los que concurrían por derecho propio como herederos directos o en representación de algunos herederos directos, por haber fallecido éstos. La acción judicial promovida por tres condueños aprovecha a todos los que de acuerdo con la prueba resultaron ser los actuales miembros de la sucesión.

2—En cuanto al segundo error, sobre la falta de descripción de la parte de la heredad adjudicada en el fallo, tratándose como se trata, de un cuerpo de bienes indiviso, donde es posible determinar la proporción alícuota de cada parte, no vemos la necesidad de que se fije separadamente la parte precisa correspondiente a las porciones alícuotas de los demandantes. La finca en su totalidad está descrita y los linderos de la misma fijados, por la prueba, (t. 9). Las partes interesadas pueden mediante convención, o división judicial

posterior de la comunidad, determinar qué parcela de terreno corresponde a cada condueño.

3—En cuanto al tercer error, en el sentido que la sentencia no está basada ni sostenida por las alegaciones de la demanda ni por la prueba de la demandante, la prueba es suficiente para sostener las conclusiones de hecho, y las alegaciones resultan enmendadas por el resultado de la prueba, por ser el propio demandado y apelante quien alegó lo contrario y no hizo objeción a que se presentara durante la vista, tanto por el demandante como por el demandado, prueba sobre alguno de los extremos no cubiertos por las alegaciones.

4—En cuanto al cuarto error, en el sentido que el tribunal permitió a los demandantes después de sometido y cerrado el caso, presentar nueva prueba, no creemos que tal actuación constituyera error. La única prueba presentada después de cerrado el caso, previo permiso del tribunal y celebración, de una vista al efecto, fué un certificado de defunción del causante don Nicolás Flores Cintrón. Como cuestión de hecho ya se había probado oralmente, durante la vista del caso, tal defunción, (t. 22) ; el hecho no se había negado en la contestación por el demandado, y por el contrario, todas sus defensas especiales admitían el hecho de la muerte y su adquisición de algunas participaciones de los herederos naturales, siendo por lo tanto, el certificado de defunción presentado por los demandantes, prueba de corroboración de un hecho ya probado por evidencia oral, sin oposición del demandado, y admitido por el propio demandado en su contestación.

5—En cuanto al quinto error, en el sentido que el tribunal cometió error al no estimar que la acción de los demandantes estaba prescrita, el demandado y apelante confunde la prescripción extintiva con la prescripción adquisitiva. Lo que él quiso establecer como defensa fué, que el demandado y apelante había adquirido, mediante prescripción ordinaria por posesión de más de 10 años con buena fe y justo título, la finca objeto de la reivindicación. La acción reivindicatoria no prescribe nunca, aunque se encuentra sujeta a la defensa

de prescripción adquisitiva, ordinaria o extraordinaria, o inmemorial, que pueda presentar el poseedor.

Habiendo adquirido él en virtud de un Certificado de Compras de Bienes Muebles expedido por el Colector de Rentas Internas de Villalba en junio de 1935 y habiéndose presentado esta acción judicial el día 10 de diciembre de 1947, sólo podía probar una posesión de 12 años, poco más o menos, y por lo tanto, una adquisición por la prescripción adquisitiva ordinaria de diez años, con buena fe y justo título.

De la lectura de los testimonios vertidos durante la vista del caso, se desprende claramente que el demandado y apelante, quien resulta ser primo de los demandantes y apelados y vivir en la misma finca donde vivió el causante y donde vivían los herederos, adquirió una finca de veintiuna cuerdas en virtud de un remate por contribuciones por $31.23. La diligencia de apremio, mediante embargo de la finca en el Registro de la Propiedad de Ponce, se hizo el día 5 de marzo de 1935 a un tal Enrique Flores, como familiar de don Nicolás Flores Cintrón, quien no resulta ser miembro de la Sucesión de dicho don Nicolás Flores Cintrón, ni persona que tuviera algún derecho de representación reconocido por ley para aceptar tal notificación. Después de rematada la finca en junio de 1935, se le notificó del remate, y por lo tanto, del derecho de redención dentro del año, al causante don Nicolás Flores Cintrón (t. 92), quien había fallecido desde el 6 de enero de 1928. Puede uno pensar que un diligenciante de la Tesorería pudiera cometer el error de notificar la diligencia de apremio a una persona sin interés en la adjudicación de la finca, y aún notificara el mismo acto de la subasta y la expedición del correspondiente certificado de compra a una persona distinta, creyendo que se trataba del causante, pero lo que no es posible pensar es, que el demandado y apelante no conociera el hecho de la muerte de su familiar don Nicolás Flores Cintrón, después de haber demandado a su sucesión, ante la Corte Municipal de Juana Díaz el 4 de agosto de 1931, ni conociera a los miembros de la sucesión de éste, que resul-

tan ser sus parientes, y viven en la misma finca ocupada por el rematista. Por lo tanto, no nos sorprende que el ilustrado Juez sentenciador no le diera crédito a esta posesión de buena fe y justo título, que tendría que presentar hoy como su única defensa ante la acción reivindicatoria.

En cuanto al sexto error sobre la imposición de costas y honorarios, nada encontramos en el examen general del caso, que nos demuestre el error del ilustrado Juez sentenciador en la imposición de tales costas y honorarios. Para nosotros es evidente la temeridad del demandado y apelante. Asimismo la Ley 411 de 11 de mayo de 1951 ((1) pág. 1095) hace mandatoria la imposición de costas a la parte perdidosa.

Debe modificarse la sentencia en el sentido de considerar incluídos como demandantes, por el resultado de la prueba, a Antonio Flores en sustitución de su madre natural Justina Flores y a los hermanastros naturales de los demandantes Sixto, Ramón y María Bermúdez en la mitad de la herencia que correspodiera a don Nicolás Flores Cintrón, y con respecto a los hermanos legítimos con quienes concurren, en la mitad de lo que le corresponda a cada uno de los legítimos no mejorados, siempre que quepa dentro del tercio de libre disposición, el cual habrá de sacarse deduciendo antes los gastos de entierro y funeral, de acuerdo con la Ley de 9 de marzo de 1905—Compilación de los Estatutos Revisados y Códigos de Puerto Rico 721–722, (Edición del 1911).

Los Jueces Asociados señores Marrero, Sifre y Pérez Pimentel concurren en el resultado.