*780 TEXTO COMPLETO DE LA SENTENCIA
Se recurre de una sentencia sumaria del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo (Hon. Jorge L. Escribano Medina, J.), que declaró nula, tanto la compraventa de una propiedad inmueble como su posterior inscripción en el Registro de la Propiedad, a base de que la propiedad vendida pertenecía a una comunidad de bienes hereditarios sin que se hubiere obtenido antes el consentimiento de todos los herederos para venderla.
Antes que nada, debemos comenzar por aclarar que acogemos esta apelación como un recurso de certiorari, toda vez que el dictamen denominado "sentencia" no constituye una sentencia final para fines del derecho de apelación dispuesto en el Art. 4.002, inciso (a), de la Ley de la Judicatura de 1994, Plan la de Reorganización de la Rama Judicial de 28 de julio de 1994, según enmendado, 4 L.P.R.A. sec. 22k(a). Por tratarse de un pleito de reclamaciones múltiples -una demanda y una reconvención-, la adjudicación de sólo una de las dos reclamaciones no constituye una sentencia parcial final, pues el referido dictamen carece de la certificación de finalidad prevista en la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.5, U.S. Fire Ins. Co. v. A. E.E., 151 D.P.R. _ (2000), 2000 J.T.S. 146. La certificación de finalidad requiere, tanto que el tribunal: (1) concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, como que (2) ordene expresamente que se registre sentencia.
En el caso de autos, el tribunal a quo simplemente ordenó que la "sentencia" fuese registrada. Por tal razón, el recurso apropiado para revisar un dictamen que, aunque denominado "sentencia", adjudique menos del total de las reclamaciones y no contenga los dos elementos constitutivos de la referida certificación de finalidad, es el certiórari. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987).
El señor Ramón Amador Báez y su esposa Agustina Mojica Rivera adquirieron de los hermanos Jesús Ismael y Fabián, ambos de apellidos Morales Fortier, un inmueble mediante escritura pública otorgada el 14 de junio de 1988, ante el notario público Luis García Pagán. La referida compraventa fue inscrita en el Registro de la Propiedad a favor del matrimonio Amador Mojica. La descripción del inmueble es la siguiente:
“URBANA: Solar radicado en la Calle José Julián Acosta del Pueblo de Guaynabo, término municipal de Guaynabo, Puerto Rico, identificado con el número once del Bloque cinco del Plano de Inscripción, con una cabida superficial de ciento sesenta metros cuadrados con cuarenta y ocho centímetros cuadrados (160.48m/c). En lindes por el NORTE, en distancia de nueve metros con dos centímetros con la Calle José Julián Acosta; por el SUR, en dos alineaciones distintas de cinco metros con quince centímetros; por el ESTE en tres alineaciones distintas de seis metros con veintitrés centímetros con el solar trece del Bloque Cinco, seis metros con setenta y cuatro centímetros con el solar once del Bloque cinco y en siete metros con cincuenta y nueve centímetros con el solar nueve del Bloque cinco; y por el OESTE, en diecinueve metros con cincuenta y seis centímetros con el solar trece del Bloque Cinco en la Calle José Julián Acosta. ”
*781 Consta inscrito al folio ciento setenta (170) del tomo seiscientos sesenta y cinco (665) de Guaynabo, finca número veintiséis mil quinientos treinta y dos (26,532).
Siete años más tarde, el matrimonio Amador Mojica demandó a los vendedores Jesús:Ismael y Fabián Morales Fortier y a la señora Miriam Alvarez -quien ocupaba la propiedad vendida- por saneamiento por evicción, desalojo, pago de rentas, daños y rescisión de contrato.
Los hermanos Morales Fortier fueron emplazados por edicto. Sólo la codemandada Aivarez contestó la demanda. Esta negó que la titularidad del inmueble perteneciera al matrimonio Amador Mojica y entabló una reconvención en la que solicitó daños por angustias mentales, en vista de que la casa enclavada en el solar de la propiedad en controversia le pertenecía a ella, puesto que había sido autorizada a constmir la misma por los dueños originales y, posteriormente, por los herederos. Además, la codemandada Alvarez adujo que el inmueble le pertenecía a los herederos de Ana María Aquino Olivo, quienes no habían autorizado a persona alguna a representarlos en la compraventa. Por tal razón, ésta solicitó que se declarara nula la escritura de compraventa, así como, también, la inscripción de dicha propiedad a favor del matrimonio Amador Mojica en el Registro de la Propiedad.
Así las cosas, la señora Lourdes Aquino Freytes presentó una demanda de intervención en la que adujo ser heredera de su tía, la señora Ana María Aquino Olivo. Alegó, bajo juramento, que ésta falleció intestada en 1983, sin herederos forzosos por no haber procreado hijos en su matrinonio con Ismael Morales ni con ningún otro hombre. Añadió que a su tía, la heredaron sus hermanos Antonio, Juan, Gavina y Edelmira. Expuso que Antonio había fallecido después, en 1989, siendo herederos de él, tanto la interventora Lourdes Aquino Freytes como sus hermanos José Antonio, Adalbero y Eric Antonio, de apellidos Aquino Freytes, quienes comparecen a la herencia de su tía por derecho de representación.
Posteriormente, la interventora Aquino Freytes y la codemandada Alvarez presentaron conjuntamente una solicitud de sentencia sumaria en la que reiteraron la nulidad de la compraventa hecha al matrimonio Amador Mojica, al haber sido vendida la propiedad en su totalidad por los codemandados -los hermanos Morales Fortier-, no siendo éstos dueños de la totalidad del inmueble, por lo que no podían enajenarlo. La solicitud de sentencia sumaria fue acompañada de varios documentos.
En primer lugar, se anejó una certificación del Registro de la Propiedad de la finca número 26,532, de la cual surge que la propiedad en cuestión tiene cuatro inscripciones: La primera inscripción de la propiedad consta a favor del Municipio de Guaynabo. La segunda inscripción consta a favor del matrimonio compuesto por Ana María Aquino Olivo y su esposo Ismael Morales, luego de que el Municipio de Guaynabo les vendiera a éstos la propiedad por un dólar. La tercera inscripción asigna la participación en el inmueble del señor Ismael Morales -luego de éste fallecido-, a favor de sus herederos, sus hijos Jesús Ismael y Fabián ambos de apellidos Morales Fortier (aquí codemandados), procreados con la señora Virgenmina Fortier. La cuarta inscripción consta a flavor del matrimonio Amador Mojica y refleja la compra efectuada por dicho matrimonio a los codemandados Jesús Ismael y Fabián Morales Fortier, no sólo de la participación de éstos en el inmueble, sino de la totalidad de la propiedad.
En segundo lugar, la moción de sentencia sumaria anejó una copia de la escritura de acta de edificación otorgada por la señora Ana Olivo, el 14 de mayo de 1927, ante el notario Antonio J. Amadeo, en la cual se hacía constar la edificación de una casa en terrenos del Municipio de Guaynabo con el correspondiente permiso de dicho organismo. También se sometió copia de una certificación emitida por el Municipio de Guaynabo, el 28 de marzo de 1990, mediante la cual se le adjudicaba un solar en dicho municipio a la señora Ana María Aquino Olivo. Finalmente, también se sometió copia de un documento de 17 de marzo de 1949, suscrito por el señor Vicente Alvarez Amador, ante un juez de paz del Municipio de Guaynabo, mediante el cual éste hacía constar que le entregaba la custodia de su hija "de temprana edad", Miriam Nereida Alvarez (la aquí codemandada), al matrimonio compuesto por el señor Ismael Morales y la señora Ana María Aquino de *782 Morales (o sea, la causante Ana María Aquino Olivo). En la moción de sentencia sumaria se informó el nombre, dirección, estado civil y edad de todos los herederos de la causante Ana María Aquino Olivo. La interventora Aquino Freytes manifestó, además, ser la mandataria de todos los referidos herederos a los fines de representarles en este pleito.
El matrimonio demandante presentó su oposición a la solicitud de sentencia sumaria, pero no lo hizo bajo juramento. Simplemente adujo que el inmueble al que se hacía referencia en la escritura de acta de edificación era otro; que la codemandada Miriam Alvarez no era heredera de Ana María Aquino Olivo, ni había sido autorizada a edificar, ni a hacerle mejoras a la propiedad; que la causa de acción para solicitar la rescisión de la partición estaba prescrita y que las peticionarias nunca la ejercieron; que faltaban partes indispensables en el pleito; y que ni la codemandada Miriam Alvarez, ni la interventora Lourdes Aquino Freytes tenían legitimación activa.
El Tribunal de Primera Instancia acogió la referida moción y dictó sentencia sumaria en la que declaró nula la escritura número 22 de compraventa, otorgada ante el notario público Luis García Pagan. El foro sentenciador concluyó que la interventora Lourdes Aquino Freytes era la heredera de la señora Ana María Aquino Olivo conjuntamente con otros herederos, por lo que los codemandados, hermanos Jesús Ismael y Fabián Morales Fortier, no podían vender la totalidad de la propiedad sin la comparecencia o ratificación de los herederos de la señora Ana María Aquino Olivo, porque éstos lo que tenían era una participación en la propiedad y no se había partido la herencia.
El tribunal a quo también declaró nula la inscripción cuarta de la finca número 26,532, que constaba inscrita a favor del matrimonio Amador Mojica. Se basó en la falta de tracto sucesivo requerido por el Art. 57 de la Ley Hipotecaria y del Registro de la Propiedad, Ley 198 de 8 de agosto de 1979, 30 L.P.R.A. see. 2260.
El matrimonio Amador Mojica recurre ante nos y plantea que el Tribunal de Primera Instancia cometió error: (1) al anular la escritura número 22 de compraventa; (2) al anular la inscripción de dicha escritura; (3) al declarar como heredera a la parte interventora sin pmeba fehaciente de ello; y (4) al no determinar la falta de legitimación activa de la codemandada Miriam Alvarez y de la interventora Lourdes Aquino Freytes.
Debemos resolver si el tribunal a quo podía dictar sentencia sumaria en el caso de autos -basándose en la pmeba documental presentada-, y anular la compraventa de la propiedad adquirida por el matrimonio demandante, así como la inscripción en el Registro de la Propiedad de dicha compraventa a favor del matrimonio Amador Mojica, por razón de que los vendedores codemandados no eran dueños de la totalidad del inmueble, sino copartícipes de la propiedad por herencia, conjuntamente con los herederos de la señora Ana María Aquino Olivo. Resolvemos en la afirmativa.
La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.3, autoriza al Tribunal de Primera Instancia a dictar sentencia sumaria cuando "no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente". Véase, en general, Soto v. Rivera, 144 D.P.R. _ (1997), 97 J.T.S. 145, a la pág. 368; Soto v. Hotel Caribe Hilton, 137 D.P.R. 294, 300 (1994); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987).
El propósito principal de este mecanismo es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. Utilizado correctamente, este vehículo procesal contribuye a descongestionar los calendarios judiciales. López v. J. Gus Lallande, 144 D.P.R. _ (1998), 98 J.T.S. 9, a la pág. 523; Ñeca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R. 860, 869 (1995); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994).
La sentencia sumaria procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los *783 hechos pertinentes y no hace falta una vista evidenciaría. Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716 (1994); J.A.D.M. v. Centro Com. Plaza Carolina, 132 D.P.R. 785 (1993). De ordinario, si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaría. Véanse, Bonilla Medina v. P.N.P., 140 D.P.R. _ (1996), 96 J.T.S. 33, a la pág. 790; Rivera et al. v. Superior Pkg., Inc. et al., 132 D.P.R. 115, 124 (1992).
El Tribunal Supremo ha señalado que un foro de primera instancia no deberá dictar sentencia sumaria cuando: (1) existan hechos materiales no controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) suija de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 913-14 (1994).
Al aplicar estos principios normativos a la controversia del caso de autos, resulta que el Tribunal de Primera Instancia tuvo ante sí prueba documental auténtica y alegaciones bajo juramento que el matrimonio Amador Mojica no refutó con otros documentos o contradeclaraciones juradas. Al cruzarse de brazos, la prueba presentada por la codemandada Miriam Alvarez y la interventora Lourdes Aquino Freytes quedó incontrovertida. De la inscripción segunda de la certificación registral de la propiedad yendida por los codemandados Jesús Ismael y Fabián Morales Fortier al matrimonio Amador Mojica, se, desprende que la propiedad en cuestión pertenecía al matrimonio compuesto por Ismael Morales y Ana Mbxía Aquino Olivo. Luego de fallecido el señor Ismael Morales, un tribunal declaró como únicos y universales herederos a sus hijos Jesús Ismael y Fabián Morales Fortier, procreados con la señora Virgenmina Fortier. Ese hecho se hizo constar en la inscripción tercera de la propiedad en el Registro de la Propiedad. Habiendo fallecido también la señora Ana María Aquino Olivo, los herederos de ésta -quienes quiera que pudieran ser-, pasaban a heredar su participación en la propiedad que nos ocupa. No habiendo comparecido los herederos de la señora Ana María Aquino Olivo al otorgamiento de la escritura de compraventa para prestar su consentimiento, el acto jurídico de compraventa de la propiedad es nulo.
Por la misma razón, también es nula la cuarta inscripción de la propiedad en el Registro de la Propiedad, que inscribió la totalidad del inmueble a favor del matrimonio Amador Mojica..Veamos.
El Art. 57 de la Ley Hipotecaria y del Registro de la Propiedad, supra, recoge el principio de tracto sucesivo que establece que la historia registral de las transacciones relativas al dominio y a los demás derechos reales sobre inmuebles, no puede interrumpirse y que el Registro de la Propiedad deberá dar a conocer la historia registral de cada finca sin discontinuidades. Es decir, que los asientos regístrales se harán en forma continuada y sucesiva. Dicho artículo establece que "para registrar documentos por los que se declaren, transmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente registrado el derecho de la persona que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos".
Asimismo, el Art. 58 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2261, dispone que "no se inscribirá el documento de partición de bienes hereditarios o de transferencia o gravamen del derecho hereditario si antes no apareciere previamente inscrito el derecho hereditario a nombre de los herederos". Esta situación es la que ocurre en el caso de autos, debido a que se inscribió la propiedad -que era un bien hereditario- sin que la misma apareciera previamente inscrita también a nombre de todos los herederos, puesto que la inscripción tercera sólo hace referencia a los herederos del señor Ismael Morales, pero no a los de la señora Ana María Aquino Olivo. Como la falta de consentimiento de todos los herederos de la propiedad en la escritura de compraventa hace que la escritura sea nula, esto impedía su inscripción en el Registro de la Propiedad, a tenor con el Art. 68, inciso (1), de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2271(1), que establece que ”[s]erán faltas que impidan la registración del título presentado: (1) las que causen la inexistencia del acto o contrato a registrarse o la nulidad o anulabilidad de éste o del documento presentado".
*784 La inscripción cuarta de la propiedad aquí en disputa es inexacta por cuanto fue inscrito el dominio de la misma mediante una escritura otorgada por una parte vendedora que de acuerdo al propio Registro de la Propiedad no era dueña de la misma. Dicha propiedad pertenece a una comunidad de bienes hereditarios compuesta por los miembros de la sucesión de Ismael Morales y de los miembros de la sucesión de Ana María Aquino Olivo. Para rectificar las inexactitudes en el Registro de la Propiedad, el Art. 110 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2360, provee en su inciso (d) que "cuando la inexactitud procediere de la falsedad, nulidad o defecto del título que hubiere motivado el asiento y, en general, de cualquiera otra causa no especificada anteriormente, la rectificación precisará el consentimiento del titular afectado por ella o, a falta del mismo, una resolución judicial". De dicho inicio se colige que un tribunal puede mediante resolución judicial rectificar un asiento y anularlo, como lo hizo en el caso de autos.
A tenor con lo anteriormente expuesto, resolvemos que los primeros dos errores aducidos en este recurso no se cometieron.
Como tercer señalamiento de error, el matrimonio Amador Mojica indica que el tribunal a quo erró al declarar heredera de la propiedad a la interventora Lourdes Aquino Freytes, sin tener prueba fehaciente de ello. No tiene razón. Es cierto que cuando la reclamación de una parte nace de un derecho hereditario, se necesita obtener previamente una resolución de declaratoria de herederos. Arts. 552-553 del Cód. Enj. Civil de 1933, 32 L.P.R.A. sec. 2301-02; Díaz v. Autoridad Fuentes Fluviales, 71 D.P.R. 931, 933-934 (1950). Pero, en el caso de autos, aparte de que la interventora Aquino Freytes hizo una relación bajo juramento de quiénes eran los herederos de su tía Ana María Aquino Olivo, incluyéndose a sí misma entre éstos sin que sus alegaciones fuesen de modo alguno refutadas, podemos tomar conocimiento judicial -aun en etapa apelativa, Regla 11(D) de Evidencia, 32 L.P.R.A. Ap. IV, R. 11(D)- de que el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una resolución de declaratoria de herederos el 21 de junio de 2000, en el caso Civil Núm. KJV-1999-0825 (903), en la que aparecen como herederos de la finada Ana María Aquino Olivo, las mismas personas así descritas en la moción de sentencia sumaria del caso de autos, incluyendo la interventora Lourdes Aquino Freytes.
Mediante el cuarto señalamiento de error, el matrimonio peticionario plantea que la codemandada Alvarez y la interventora Aquino Freytes no tenían legitimación activa para intervenir en este pleito. Las razones esbozadas fueron que la codemandada Alvarez no era heredera de Ana María Aquino Olivo y que la interventora Aquino Freytes no había probado fehacientemente su condición de heredera. A esos efectos, los peticionarios señalan que el tribunal recurrido no tenía jurisdicción sobre la materia. No tiene razón.
Hemos dicho que no está en controversia que la interventora Lourdes Aquino Freytes es heredera de su finada tía, Ana María Aquino Olivo. Aunque el matrimonio Amador Mojica señala que tampoco se trajeron al pleito a los demás miembros de la sucesión de la causante Ana María Aquino Olivo, ello no era necesario. Aunque la "sucesión" como persona jurídica independiente y autónoma de las personas naturales que la componen, no existe en nuestro derecho, Fuentes v. Tribunal de Distrito, 73 D.P.R. 959 (1952), eso no significa que en toda circunstancia un heredero esté impedido de ejercer por sí mismo las acciones que creyere apropiadas para defender su interés propietario en la herencia.
El Art. 333 del Código Civil, 31 L.P.R.A. see. 1278, dispone en lo pertinente que "[tjodo condueño tendrá la plena propiedad de su parte y la de los frutos y utilidades que le correspondan, pudiendo en su consecuencia, enajenarla, cederla o hipotecarla, y aun sustituir otro en su aprovechamiento...". Este artículo reconoce la separabilidad individual del interés de los comuneros en la cosa de la que son dueños en común pro indiviso. Danz v. Suau, 82 D.P.R. 609, 614 (1961).
De otro lado, conforme al Art. 326 del Código Civil, 31 L.P.R.A. see. 1271, se ha resuelto que cuando algún comunero insta una acción judicial, cualquier resolución favorable en favor de uno o más partícipes beneficia a los otros partícipes en una propiedad poseída en común y, por el contrario, cualquier resolución *785 adversa perjudica sólo al que la promovió. Véase, Flores v. Rodríguez, 77 D.P.R. 720, 724-26 (1954), opinión particular del Juez Belaval, a la que se unió el Juez Presidente Snyder y el Juez Negrón Fernández, citada con aprobación en Danz v. Suau, 82 D.P.R. a la pág. 613.
No obstante, como ha explicado el Tribunal Supremo, esto parte de la premisa de que no exista ninguna acción afirmativa en contrario de parte de los otros condominos, pues cada uno de ellos tiene pleno derecho de disposición de sus respectivos derechos dentro de la cosa poseída en común. Danz v. Suau, 82 D.P.R. a la pág. 613. Por tal razón, "[tjratándose como se trata de una comunidad forzosa de bienes y derechos, cualesquier de los herederos o parte de los mismos, puede comparecer en juicio para defender los derechos de la comunidad, y si sale victorioso, el triunfo aprovecha a todos los copropietarios" o sea, que "un condueño puede demandar por sí sólo y su actuación judicial aprovecha a todos los demás; pero si una persona extraña a la comunidad o un co-partícipe aisladamente demanda a la comunidad de bienes resultante de una herencia, tiene que incluir como demandados y citar como partes necesarias a cada uno del todo o del resto de los condueños que componen la comunidad de bienes, para que cada uno quede obligado individualmente a las resultancias del fallo y el cuerpo de bienes sujeto a comunidad responda de la sentencia dictada contra todos o parte de los condueños". Flores v. Rodríguez, 77 D.P.R. a la pág. 725-26 (opinión particular del Juez Belaval).
En el presente caso, solamente intervino para reclamar la nulidad de la compraventa, una de los once herederos. La prueba demostró quiénes constituían el resto de la sucesión y que la interventora Lourdes Aquino Freytes compareció, como mandataria, en representación de éstos. La acción judicial promovida por la interventora Lourdes Aquino Freytes aprovecha a todos los que de acuerdo con la prueba resultaron ser los actuales miembros de la sucesión de la causante Ana María Aquino Olivo.
De otro lado, la codemandada Alvarez fue incluida en este pleito como codemandada, bajo alegación de que ésta ocupa actualmente el inmueble que le fue vendido al matrimonio demandante, hecho que la convierte en parte indispensable en este pleito, máxime cuando ella reclama ser edificante de buena fe al haber reconstruido la propiedad que nos ocupa utilizando dinero de su propio peculio. Por consiguiente, la codemandada Alvarez podía legítimamente impugnar el título en el que descansaba el matrimonio Amador Mojica para desalojarla de la finca en cuestión. Resolvemos, por tanto, que este cuarto error no se cometió.
Finalmente, nos resta expresamos sobre la reconvención que no ha sido adjudicada. En la misma, la codemandada Alvarez reclamó tres cosas: (1) que se declare que lo edificado sobre la finca le pertenece; (2) que se declare nulo el título en el que los demandantes descansan para reclamarle; y (3) que se condene a los demandantes a indemnizarle por los perjuicios que ella ha sufrido como resultado de los intentos de aquéllos de despojarla de su propiedad.
Hemos visto que sólo la segunda reclamación -la nulidad del título del matrimonio Amador Mojica-, ha sido adjudicada en virtud de la demanda de éstos y de la demanda de intervención de la señora Lourdes Aquino Freytes. Sin embargo, la primera reclamación - que se le declare edificante de buena fe-, requiere que se emplace a los codemandados Jesús Ismael y Fabián Morales Fortier, herederos del cocausante Ismael Morales, pues con ese dictamen podrían perjudicarse los derechos de ellos en el caudal hereditario. Aunque éstos fueron emplazados por edicto, lo fueron en cuanto a la demanda del matrimonio Amador Mojica, pero no en cuanto a la reconvención de la codemandada Alvarez, que es una alegación nueva y distinta. Siendo así, la sentencia que pudiera dictarse contra los codemandados Jesús Ismael y Fabián Morales Fortier, demandados en rebeldía, no podría incluir el remedio solicitado en la reconvención. Regla 43.6 de Procedimiento Civil, 32 L.P.R.A. Ap. IH, R. 43.6
Es por esta razón que para que pueda adjudicarse válidamente en rebeldía la primera reclamación de la reconvención, la codemandada Alvarez debe hacerla extensiva a los codemandados Jesús Ismael y Fabián Morales Fortier mediante el mecanismo de demandada contra coparte, para cuyos fines el tribunal a quo deberá conceder un término razonable. Además, los codemandados Morales Fortier deberán ser emplazados *786 nuevamente con copia de la nueva demanda contra coparte. En lo que respecta a los demás coherederos de quienes la interventora Aquino Freytes se ha presentado como mandataria, el Tribunal de Primera Instancia deberá requerir la comparecencia formal de ellos y la acreditación del alegado mandato.
En la alternativa, el Tribunal de Primera Instancia podrá desestimar completamente esta primera reclamación de la reconvención de la codemandada Alvarez si ésta no actúa dentro del término que se le conceda, a no ser, claro está, que ella desista antes de la totalidad de la reclamación.
En cuanto a la tercera reclamación de la reconvención -que se condene a los demandantes a indemnizarle por los perjuicios que ella ha sufrido como resultado de los intentos de los demandantes de despojarla de su propiedad-, la misma requiere que se desfile prueba. Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 818 (1978).
Con estos antecedentes, se expide el auto solicitado, se confirma la sentencia recurrida haciéndose constar expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones, hasta la resolución total del pleito y se ordena la continuación de los procedimientos para que se adjudiquen la primera y tercera reclamación de la reconvención de la codemandada Alvarez, se inste una demanda contra coparte contra los Morales Fortier y se incluyan como parte a los demás coherederos de la sucesión de doña Ana María Aquino Olivo de quienes la interventora Aquino Freytes reclama ser mandataria.
Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General